THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY COLBERT,<br><br>Defendant. | CASE NO. CR12-0237-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Anthony Colbert's ("Colbert") motion for early termination of supervised release (Dkt. No. 1032). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

Colbert plead guilty to one count of conspiracy to distribute controlled substances. (Dkt. No. 606 at 1.) In March 2014, the Court sentenced Colbert to 36 months imprisonment, followed by three (3) years of supervised release. (Dkt. Nos. 781, 782.) His supervised released began November 29, 2016. (Dkt. No. 1032 at 1.)

Colbert now asks the Court to terminate his supervised release 22 months early. (*Id.* at 2.) Colbert asserts that early termination is appropriate because he has not had any violations while under supervision and he has successfully reintegrated into society. (Dkt. No. 1032 at 2–3.) The

Government and Probation object to early termination. (Dkt. No. 1033.) In its opposition brief, the Government points out that Colbert has a significant criminal history, which dates back to the early 1980s. (*Id*. at 1–2.)

## II. DISCUSSION

The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the Defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)). As the Second Circuit has articulated, early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

The Court considers each of the § 3553(a) factors in light of Colbert's case. Colbert was involved in a large conspiracy to illegally distribute prescription pain medications. (Dkt. No. 606 at 4–5.) In his role, Colbert admitted to distributing 450 Percocet pills with the understanding that the pills would be sold to other individuals. (*Id*. at 5.) While the Court notes that the amount of illegal drugs was high, there do not appear to be any other aggravating factors involved, and Colbert did not commit any acts of violence.

As the Government notes, Colbert has a long history of criminal convictions, including several violent crimes. (Dkt. No. 1033 at 1–2.) Colbert's lengthy criminal history is also well-documented in Probation's presentence report. (Dkt. No. 769 at 9–12.) The Court balances Colbert's criminal history against his more recent compliance with probation supervision. Since

his indictment in 2012, Colbert has not had a single supervision violation. (Dkt. No. 1032 at 2.)

The Court does not perceive a large deterrent effect from requiring Colbert to remain on supervision, as he has already served his prison sentence and spent 14 months on supervised-release without violations. Similarly, the Court does not find that continued supervision would meaningfully protect the public from further crimes. Finally, the Court considers the need for avoiding disparity between similarly situated defendants. Colbert was one of more than two-dozen co-conspirators convicted of related charges. (Dkt. No. 769 at 4–5.) The Court has already ordered supervision be terminated early for three of Colbert's codefendants (*See* Dkt. Nos. 927, 934, 953, 959.) While Probation supported early termination in those cases, the Court finds that Colbert is similarly situated to those codefendants.[1]

In consideration of all the 18 U.S.C. § 3553(a) factors and the interests of justice, the Court finds that it is appropriate to terminate Colbert's supervision early. The Court gives particular weight to Colbert's good behavior on supervision, the lack of deterrence from further supervision, and the need to avoid disparity with similarly situated defendants.

## III. CONCLUSION

For the foregoing reasons, Colbert's motion for early termination of his supervised release (Dkt. No. 1032) is GRANTED.

DATED this 3rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] In opposition, the Government notes that Probation objects to early termination based on its standing-policy that defendants remain on supervised release for at least 18 months. (Dkt. No. 1033 at 2.) This seems curious to the Court, as Probation has recommended early termination for two of Colbert's codefendants after they both served less than 13 months on supervision. (*See* Dkt. Nos. 934, 953.) Colbert has served a similar amount of time.

ORDER
CR12-0237-JCC
PAGE - 3